O’Neall, J.
delivered the opinion of the Court.
In this case, the question, whether John Ford is a competent witness for the plaintiff, is the only one which will be considered. After the defence of the defendant came out, and it was thus seen that the true controversy was, whether Aiken was discharged from his bid, by Nicholas Peay, (who may be regarded as the only judgment creditor entitled to the proceeds of the sale) becoming in his stead the purchaser, there could be no doubt that on that issue John Ford was a competent witness. Indeed from the statement made by the defendant’s attorney, that this defence was spread on the record by a special plea, it might be that he would be competent to the plaintiff, in the first instance, to disprove it, though certainly it would have been more regular to have produced the testimony in reply to such as the defendant adduced.
The question, however, will be considered, supposing John Ford to have been offered by the plaintiff, generally, without any reference to the defence, or the particular testimony which he was to give. In a law Court, this is perhaps invariably the proper mode of judging of the competency of a witness. For in general we are not, like the Court of Equity, privileged to examine witnesses on particular questions, when incompetent in the case itself.
To disqualify a witness, he must have a certain and immediate interest in the event of the suit, or in the record, as evidence for him. In this case, the record would never be evidence for John Ford, in any other case. This proposition *536 requires neither argument nor illustration. So, too, in reference to the question of interest, it seems to me self-evident, ' that Ford cannot be either gamer or loser by the event of tpjs causi3t N0t to say any thing of his great insolvency, and therefore that he could have no money interest in the result, it may be confidently asserted that he has no prospect of gain or loss, let this case be decided as it may. So far as he is concerned, the plaintiff Yongue is liable for the price at which Aiken bought. For the very facts which will charge Aiken, will at the same time charge Yongue. It is the business of the sheriff to sell for cash, and if the purchaser fails to pay, he must re-sell, on the same or the next sale day, unless the plaintiff in execution directs him not to re-sell at such time.
Gibb. Ev. 107. l Phiil. Et. 55."
In this case Yongue sold, and as I understand the proof, suffered the negroes to go back to Ford’s, whence defendant received all, except this woman and her children, and he would also have received them, had he not supposed Peay was to take them, at his bid. From this, I conclude, they were considered as delivered, when struck off, at the auction, in front of the court house. Under such circumstances, the plaintiff was liable to Ford, and it was perfectly immaterial to him whether Aiken was or not. Suppose Ford was called to prove the delivery — for that was all which he could prove about the sale, which is required to appear in writing, and that had been proved by the proper entries, in the proper books. In such a case, there is no doubt Ford would be competent. His proof would charge the plaintiff, as well as the defendant. Between them he would be indifferent.
The motion is granted.
Richardson, J. — EvaNS, J. — and Wardlaw, J. — concurred.